UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY JENKINS,
    Petitioner,

-v-

No. 1:07-cv-957

HONORABLE PAUL L. MALONEY

KENNETH MCKEE,
    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Timothy Jenkins was convicted by a jury in 2004 for conspiracy to commit first degree murder, assault with intent to commit murder, discharge of a weapon from a vehicle, negligent homicide, possession of a firearm by a felon, possession of a firearm during the commission of a felony, and carrying a concealed weapon. Having exhausted his appeals in state court, Jenkins (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The magistrate judge issued a report recommending the petition be denied. Petitioner filed objections.

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically

consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

ANALYSIS

The court has reviewed the petition, the report and recommendation and the objections. The court finds the summary of facts in the report accurate. Petitioner has not identified any specific error or omissions in the magistrate judge's recounting of the evidence presented at trial. The court finds the legal standards contained in the report, as well as the summary of relevant state and federal law also accurate. Petitioner has not identified any specific error or omission in the magistrate judge's summary of the law. Finally, the court finds the magistrate judge's application of the facts to the law to be well reasoned and well supported. Petitioner disagrees, alleging fault in the application of the facts to the law.

Petitioner's objections generally fail to provide the required specificity. Petitioner clearly identifies the portions of the magistrate judge's report to which he objects. For example, on pages 3 and 4 of his objections, Petitioner identifies the page numbers of the magistrate's report containing the objectionable conclusions. After identifying the objectionable conclusions, however, Petitioner's explanation of why the magistrate judge's conclusions are wrong lacks any explanation, detail, or reasoning. Instead, Petitioner reiterates his general claims of error. For example, in Petitioner's first claim he asserts the trial court should have granted his motion for a directed verdict because the

prosecution did not prove the element of an agreement on the conspiracy charge or that he ever possessed, received or maintained a firearm on the firearm charges. Petitioner provides no further explanation of the error in either his petition or in his response. As indicated above, the court agrees with the magistrate judge's analysis of the claims raised.

Because the court finds the report and recommendations accurate and well reasoned, the report and recommendations are **ADOPTED**, over objections, as the opinion of this court.

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). Having reviewed the record again for the purpose of a certificate of appealability, the Court concludes reasonable jurists would not disagree with the disposition of the claims raised. Petitioner's claims of error lack the required specificity in order for him to carry his burden. The state courts did not reach a decision that was either contrary to or an unreasonable application of clearly established federal law. Neither were any of the decisions unreasonable in

light of the facts presented.

For the reasons provided above, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 35) is **ADOPTED**, over objections, as the opinion of this court.

2. The petition for writ of habeas corpus is **DENIED.**

3. A certificate of appealability is **DENIED.**

Date:  May 18, 2010         /s/ Paul L. Maloney
                            Paul L. Maloney
                            Chief, United States District Judge